IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN JOSE ROSARIO-SILVESTRE,<br>aka "Juan José López-Acosta,"<br>aka "Antonio Acosta-López,"<br><br>Defendant. | CRIMINAL NO. 08-307 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Juan José Rosario-Silvestre was charged in a one count Information wherein "on or about July 24, 2008, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, an alien from the Dominican Republic, knowingly attempted to enter the United States, after having being previously deported and without having obtained the express consent and permission from the Attorney General to apply for re-entry.  Furthermore, the defendant was deported after the conviction of a felony.   Defendant's actions are in violation of Title 8, United States Code, Section 1326(a)(2)&(b)(1)."

Defendant appeared before this Magistrate Judge on September 2, 2008, since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States v. Juan José Rosario-Silvestre
Criminal No. 08-307 (ADC)
Report and Recommendation
Page No. 2

    Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

    Having further advised defendant of the charges contained in above-stated Count One of the Information, he was examined and verified as being correct that: he had consulted with his counsel, Coral Rodríguez-Morales, from the Federal Public Defender's Office, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

    Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to

---

[1] The form entitled Consent to Proceed Before a Uonited States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Juan José Rosario-Silvestre
Criminal No. 08-307 (ADC)
Report and Recommendation
Page No. 3

testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rodríguez-Morales, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty, including the term of imprisonment of not more than ten (10) years, a fine not to exceed two fifty thousand ($250,000.00) dollars, and a term of supervised release of no more than three (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Standard Fast-Track Plea

Agreement (Pursuant to Rule 11(c)(1)(B) FRCP" (the Agreement) and "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on each and every page.

Defendant was informed of the Rule 11(c)(1)(B) warnings as included in paragraph six (6) of the Agreement as follows: The defendant sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the <u>Guidelines Policy Statements, Application and Background Notes</u>).  The Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which he pleads guilty.  If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

The above-captioned parties' estimate and agreement appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  The parties agree that defendant qualifies for participation in the District of Puerto Rico's Fast-Track Program for § 1326 offenses.  Accordingly, the parties agree on the following sentencing guideline calculations and sentencing recommendation:  For Count One it was defendant's understanding that the Base Offense Level is of Eight (8) pursuant to U.S.S.G. § 2L1.1(a).  The U.S. Probation Office will determine the applicable sentencing guideline calculations in this case, including the specific enhancement in § 2L1.2(b)(1)(D), § 2L1.2(b)(1)(E) which is applicable to this case (+4 or +0).  The parties reserve their right to oppose such determination should they deem it incorrect.  The United States will request at sentencing that the Court depart downward two (2) levels for defendant's participation in the Fast-Track program, an early disposition program, pursuant to § 5K3.1.  Pursuant

United States v. Juan José Rosario-Silvestre
Criminal No. 08-307 (ADC)
Report and Recommendation
Page No. 5

to U.S.S.G. § 3E1.1(a), the base offense level shall be reduced by two (2) levels for acceptance of responsibility. Accordingly, the Total Base Offense Level is of Eight (8), Eight (8), or Four (4). The parties agree to recommend to the Court a sentence of imprisonment equal to the lower end of the applicable guideline. The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph eight (8) of the Agreement, the United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Pursuant to paragraph ten (10) of the Agreement, defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Stipulated Version of the Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

United States v. Juan José Rosario-Silvestre
Criminal No. 08-307 (ADC)
Report and Recommendation
Page No. 6

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.

Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph fifteen (15) a waiver of appeal. Defendant and his counsel acknowledged discussing the waiver of appeal and its consequences.

expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense.  Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 08–307 (ADC).

This Magistrate Judge after having explained to the defendant  his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 08–307 (ADC).

**IT IS SO RECOMMENDED.**

The sentence will be scheduled promptly, before Hon. Aida Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 3[th] day of September of 2008.

                                   s/ CAMILLE L. VELEZ-RIVE
                                   CAMILLE L. VELEZ-RIVE
                                   UNITED STATES MAGISTRATE JUDGE